## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EXPORTADORA PROPAL S.A.** | : | **CIVIL ACTION** |
| **Quillota, Chile** | : | |
| and | : | |
| **EXPORTADORA SANTA CRUZ** | : | |
| **Santiago, Chile** | : | |
| and | : | |
| **AGRICOM LTDA** | : | |
| **Las Condes, Chile** | : | |
| | : | |
| vs. | : | |
| | : | |
| **M/V KAETHE C. RICKMERS** | : | **NO.** |
| **her engines, boilers, bunkers,** | : | |
| **tackles, gear, winches, appurtenances,** | : | |
| **etc.,** *in rem.* | : | |
| and | : | |
| **MEDITERRANEAN SHIPPING COMPANY:** | | |
| **S.A. GENEVA a/k/a MEDITERRANEAN:** | | |
| **SHIPPING COMPANY (USA) INC.** | : | |
| **420 Fifth Avenue** | : | |
| **New York, NY 10018-2702** | : | |
| and | : | |
| **RICKMERS SHIPMANAGEMENT -** | : | |
| **SNG** | : | |
| **42-01, AXA Tower, 8,** | : | |
| **Shenton Way, Singapore 068811** | : | |
| and | : | |
| **KAETHE NAVIGATION LTD** | : | |
| **Care of Rickmers Shipmanagement** | : | |
| **(Singapore) Pte Ltd, 42-01,** | : | |
| **AXA Tower, 8,** | : | |
| **Shenton Way, Singapore 068811** | : | |

## COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1.    Exportadora Propal S.A. (hereinafter "Propal") is a corporation with an office and place of business located in Quillota, Chile.

2.      Exportadora Santa Cruz (hereinafter "Santa Cruz") is a corporation with an office and place of business located in Santiago, Chile.

3.      Agricom LTDA (hereinafter "Agricom") is a corporation with an office and place of business located in Las Condes, Chile.

4.      Plaintiffs are shippers and/or receivers/consignees of fruit who regularly import its product on board ocean vessels arriving in the ports of the United States.

5.      Defendant, M/V KAETHE C. RICKMERS is a vessel operated as a common carrier of goods in ocean transportation and is now or will be during the pendency of this proceeding within the Eastern District of Pennsylvania.

6.      Defendant, Mediterranean Shipping Company S.A. Geneva a/k/a Mediterranean Shipping Company (USA) Inc. (hereinafter "Mediterranean") is, on information and belief, a foreign corporation with an office and place of business located at 420 Fifth Avenue, New York, NY.  At all times material hereto, Mediterranean was the owner, charterer and/or operator of the above named vessel.

7.      Rickmers Shipmanagement - SNG and Kaethe Navigation LTD are foreign corporations with the above address. At all times material hereto, they were the owners, charterers, operators and/or managers of the M/V KAETHE C. RICKMERS.

8.      The vessels owned and/or operated by the above defendants have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

9.      Plaintiffs were the shippers, consignees or owners of the cargo described more further below, and brings this action on their own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiffs are duly entitled to maintain this action.

### Jurisdiction and Venue

10.      Plaintiffs by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby bring this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

11.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

### COUNT I

12.      On or about February 21, 2014, in San Antonio, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

13.      In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309123 relating to container numbered SZLU9124849 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

- 3 -

14.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

15.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

16.     Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN,  but were instead damaged, deteriorated in value and unfit for sale or use.

17.     The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

18.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Twenty-Four Thousand Dollars ($24,000.00).

19.     The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named defendants, their agents, servants and employees in:

        a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

        b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

- 4 -

c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.      failing to use proper care under the circumstances;

e.      failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.      operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.      negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.      other and further particulars which will be shown at the time of trial.

20.      By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of Twenty Four Thousand Dollars ($24,000.00).

21.      Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

22.      All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.      If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Twenty Four Thousand Dollars ($24,000.00).

3.      Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.      Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.      Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

- 6 -

## COUNT II

23.     On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

24.     In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309248 relating to container numbered CXRU1061182 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

25.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

26.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

27.     Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

28.     The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

29.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Eleven Thousand Dollars ($11,000.00).

30.     The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named defendants, their agents, servants and employees in:

a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.      failing to use proper care under the circumstances;

e.      failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.      operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.      negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.      other and further particulars which will be shown at the time of trial.

31.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of Eleven Thousand Dollars ($11,000.00).

32.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

- 8 -

33.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Eleven Thousand Dollars ($11,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.     Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

## COUNT III

34.     On or about February 21, 2014, in San Antonio, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

35.     In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bills of lading numbered MSCUTJ309065, MSCUTJ309164, MSCUTJ309073 and MSCUTJ309131 relating to containers numbered TTNU8128758, TTNU8125039, MEDU9908753, MEDU9910154, TTNU8030587, CXRU1388895 and TTNU8109280 were issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

36.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

37.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

38.     Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN, but were instead damaged, deteriorated in value and unfit for sale or use.

39.     The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

40.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Four Hundred and Ten Thousand Dollars ($410,000.00).

41.     The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

- 10 -

defendants, their agents, servants and employees in:

a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.     failing to use proper care under the circumstances;

e.     failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.     operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.     negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.     other and further particulars which will be shown at the time of trial.

42.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, plaintiffs have suffered damages and loss in excess of Four Hundred and Ten Thousand Dollars ($410,000.00).

43.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

44.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.      Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.      If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Eleven Thousand Dollars ($11,000.00).

3.      Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.      Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.      Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

## COUNT IV

45.     On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

46. In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bills of lading numbered MSCUTJ309172 and MSCUTJ309222 relating to containers numbered CXRU1171220, TTNU8123273, CRSU6138143 were issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

47. Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

48. In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

49. Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

50. The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

51. By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of One Hundred and Fifty-Six Thousand Dollars ($156,000.00).

52. The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

     a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

     b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

     c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

     d.     failing to use proper care under the circumstances;

     e.     failure of the defendants to provide for timely and appropriate discharge of the cargo;

     f.     operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

     g.     negligently allowing the fruit to be in transit beyond its reasonable life span; and

     h.     other and further particulars which will be shown at the time of trial.

     53.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of One Hundred and Fifty-Six Thousand Dollars ($156,000.00).

54.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

55.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of One Hundred and Fifty-Six Thousand Dollars ($156,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.     Propal have such other and further relief in the premises and in law and justice as may be entitled to receive

## COUNT V

56.     On or about February 21, 2014, in San Antonio, Chile, a shipment of fruit consigned to Santa Cruz was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

57.     In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309040 relating to containers numbered TRIU8915167 and CXRU1207385 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

58.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

59.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

60.     Thereafter, various goods were delivered by the above named defendants to Santa Cruz, whereupon it was discovered that Santa Cruz's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN,  but were instead damaged, deteriorated in value and unfit for sale or use.

61.     The aforesaid damage and loss of Santa Cruz's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

62.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Santa Cruz has sustained damage and loss in an amount in excess of Ninety-Eight Thousand Dollars ($98,000.00).

63.     The aforesaid damage and/or loss of Santa Cruz's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named defendants, their agents, servants and employees in:

a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.     failing to use proper care under the circumstances;

e.     failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.     operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.     negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.     other and further particulars which will be shown at the time of trial.

64.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Santa Cruz's goods and the lack of appropriate stowage aboard the said vessel and discharge, Santa Cruz has suffered damages and loss in excess of Ninety-Eight Thousand Dollars ($98,000.00).

65.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Santa Cruz.

66.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Santa Cruz prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Ninety-Eight Thousand Dollars ($98,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Santa Cruz and against all defendants plus interest and costs of this action.

5.     Santa Cruz have such other and further relief in the premises and in law and justice as may be entitled to receive

## COUNT VI

67.     On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Agricom was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

68.     In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309103 relating to containers numbered TRIU8167506, CAIU5469076, GESU9558913 and TRIU8582744 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

69.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

70.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

71.     Thereafter, various goods were delivered by the above named defendants to Agricom, whereupon it was discovered that Agricom's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

72.     The aforesaid damage and loss of Agricom's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

73.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Agricom has sustained damage and loss in an amount in excess of Ninety Thousand Dollars ($90,000.00).

74.     The aforesaid damage and/or loss of Agricom's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

a.  failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.  failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.  failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.  failing to use proper care under the circumstances;

e.  failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.  operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.  negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.  other and further particulars which will be shown at the time of trial.

75.  By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Agricom's goods and the lack of appropriate stowage aboard the said vessel and discharge, plaintiffs have suffered damages and loss in excess of Ninety Thousand Dollars ($90,000.00).

76.  Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Agricom.

- 20 -

77.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Agricom prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Ninety Thousand Dollars ($90,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Agricom and against all defendants plus interest and costs of this action.

5.     Agricom have such other and further relief in the premises and in law and justice as may be entitled to receive.

## COUNT VII

78.     On or about February 21, 2014, in San Antonio, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

79.    In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bills of lading numbered MSCUTJ309107, MSCUTJ309099 and MSCUTJ309081 relating to containers numbered TRIU8595058, CXRU1270623, TTNU8126462 and CXRU1063945 were issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

80.    Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

81.    In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

82.    Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN,  but were instead damaged, deteriorated in value and unfit for sale or use.

83.    The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

84.    By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of One Hundred and Eighty-Five Thousand Dollars ($185,000.00).

85.    The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

    a.    failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.    failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.    failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.    failing to use proper care under the circumstances;

    e.    failure of the defendants to provide for timely and appropriate discharge of the cargo;

    f.    operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

    g.    negligently allowing the fruit to be in transit beyond its reasonable life span; and

    h.    other and further particulars which will be shown at the time of trial.

86.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of One Hundred and Eighty-Five Thousand Dollars ($185,000.00).

87.    Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

88.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of One Hundred and Eighty-Five Thousand Dollars ($185,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.     Propal have such other and further relief in the premises and in law and justice as may be entitled to receive

### COUNT VIII

89.     On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

90.     In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309180 relating to container numbered TRIU8593564 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

91.     Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

92.     In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

93.     Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

94.     The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

95.     By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Thirty-Seven Thousand Dollars ($37,000.00).

96.     The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

d.     failing to use proper care under the circumstances;

e.     failure of the defendants to provide for timely and appropriate discharge of the cargo;

f.     operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

g.     negligently allowing the fruit to be in transit beyond its reasonable life span; and

h.     other and further particulars which will be shown at the time of trial.

97.     By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of Thirty-Seven Thousand Dollars ($37,000.00).

98.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

99.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Thirty-Seven Thousand Dollars ($37,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.     Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

## COUNT IX

100.     On or about February 21, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Santa Cruz was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

101.    In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309057 relating to containers numbered TRIU8873210, TRIU8887430 and CXRU1210326 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

102.    Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

103.    In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

104.    Thereafter, various goods were delivered by the above named defendants to Santa Cruz, whereupon it was discovered that Santa Cruz's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN,  but were instead damaged, deteriorated in value and unfit for sale or use.

105.    The aforesaid damage and loss of Santa Cruz's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

106.    By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Santa Cruz has sustained damage and loss in an amount in excess of Sixty-Three Thousand Dollars ($63,000.00).

107.    The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

    a.    failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.    failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.    failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.    failing to use proper care under the circumstances;

    e.    failure of the defendants to provide for timely and appropriate discharge of the cargo;

    f.    operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

    g.    negligently allowing the fruit to be in transit beyond its reasonable life span; and

    h.    other and further particulars which will be shown at the time of trial.

108.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Santa Cruz's goods and the lack of appropriate stowage aboard the said vessel and discharge, plaintiffs have suffered damages and loss in excess of Sixty-Three Thousand Dollars ($63,000.00).

109.     Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Santa Cruz.

110.     All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Santa Cruz prays that:

1.     Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.     If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Sixty-Three Thousand Dollars ($63,000.00).

3.     Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.     Judgment be entered on behalf of Santa Cruz and against all defendants plus interest and costs of this action.

5.     Santa Cruz have such other and further relief in the premises and in law and justice as may be entitled to receive.

## COUNT X

111.     On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Santa Cruz was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

112.    In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309491 relating to container numbered TRIU8888267 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

113.    Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

114.    In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

115.    Thereafter, various goods were delivered by the above named defendants to Santa Cruz, whereupon it was discovered that Santa Cruz's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

116.    The aforesaid damage and loss of Santa Cruz's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

117.    By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Santa Cruz has sustained damage and loss in an amount in excess of Sixteen Thousand Dollars ($16,000.00).

118.    The aforesaid damage and/or loss of Santa Cruz's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

      a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

      b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

      c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.      failing to use proper care under the circumstances;

      e.      failure of the defendants to provide for timely and appropriate discharge of the cargo;

      f.      operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

      g.      negligently allowing the fruit to be in transit beyond its reasonable life span; and

      h.      other and further particulars which will be shown at the time of trial.

119.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Santa Cruz's goods and the lack of appropriate stowage aboard the said vessel and discharge, Santa Cruz has suffered damages and loss in excess of Sixteen Thousand Dollars ($16,000.00).

120.    Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Santa Cruz.

121.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Santa Cruz prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.    If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Sixteen Thousand Dollars ($16,000.00).

3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.    Judgment be entered on behalf of Santa Cruz and against all defendants plus interest and costs of this action.

5.    Santa Cruz have such other and further relief in the premises and in law and justice as may be entitled to receive.

## **COUNT XI**

122.    On or about February 21, 2014, in San Antonio, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MSC BREMEN for transportation to the United States and delivered there in like good order and condition.

123.    In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bills of lading numbered MSCUTJ309115 and MSCUTJ309156 relating to containers numbered TRIU8086301, TRIU8563810 and MEDU9909169 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

124.    Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

125.    In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

126.    Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MSC BREMEN,  but were instead damaged, deteriorated in value and unfit for sale or use.

127.    The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

128.    By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

129.    The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

    a.    failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b.    failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c.    failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

    d.    failing to use proper care under the circumstances;

    e.    failure of the defendants to provide for timely and appropriate discharge of the cargo;

    f.    operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

    g.    negligently allowing the fruit to be in transit beyond its reasonable life span; and

    h.    other and further particulars which will be shown at the time of trial.

130.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of Twenty-Five Thousand Dollars ($25,000.00).

131.    Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

132.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.    If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Twenty-Five Thousand Dollars ($25,000.00).

3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.    Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.    Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

## <u>COUNT XII</u>

133.    On or about February 23, 2014, in Valparaiso, Chile, a shipment of fruit consigned to Propal was delivered in good order and condition aboard the M/V MONTE ALEGRE for transportation to the United States and delivered there in like good order and condition.

134.    In or about February of 2014 the aforesaid shipment was loaded aboard said vessel and a clean on-board bill of lading numbered MSCUTJ309206 relating to container CRSU6118743 was issued, acknowledging receipt on the vessel of the said shipment in good order and condition.

135.    Thereafter, the cargo was transshipped on the vessel M/V KAETHE C. RICKMERS.

136.    In or about April of 2014, the M/V KAETHE C. RICKMERS arrived in the United States and was discharged in the United States.

137.    Thereafter, various goods were delivered by the above named defendants to Propal, whereupon it was discovered that Propal's goods were not in like good order and condition as when received aboard the M/V MONTE ALEGRE,  but were instead damaged, deteriorated in value and unfit for sale or use.

138.    The aforesaid damage and loss of Propal's cargo was the result of breaches by the defendants of its obligations as a common carrier of goods, of breaches by them of the lawful terms and conditions of the bill of lading issued by it.

139.    By reason of the breaches of the defendants of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, Propal has sustained damage and loss in an amount in excess of Four Thousand Dollars ($4,000.00).

140.    The aforesaid damage and/or loss of Propal's cargo was caused by the unseaworthiness of the M/V KAETHE C. RICKMERS and the negligence of the above-named

defendants, their agents, servants and employees in:

      a.      failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

      b.      failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

      c.      failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.      failing to use proper care under the circumstances;

      e.      failure of the defendants to provide for timely and appropriate discharge of the cargo;

      f.      operating, navigating and managing the vessel in such a manner that the M/V KAETHE C. RICKMERS sustained a break down during the voyage;

      g.      negligently allowing the fruit to be in transit beyond its reasonable life span; and

      h.      other and further particulars which will be shown at the time of trial.

141.    By reason of all of the above defendants' negligence and lack of due care and the failure of the defendants to provide a seaworthy place for the handling, stowage, carriage and discharge of Propal's goods and the lack of appropriate stowage aboard the said vessel and discharge, Propal has suffered damages and loss in excess of Four Thousand Dollars ($4,000.00).

142.    Notice of claim and claim have been filed with the defendants, but they have not paid all or any part of the loss which has been sustained by Propal.

- 38 -

143.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, Propal prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendants inviting them to appear and answer all and singular the matters aforesaid.

2.    If the defendants cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by them or any vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Four Thousand Dollars ($4,000.00).

3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the M/V KAETHE C. RICKMERS their engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessels be cited to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

4.    Judgment be entered on behalf of Propal and against all defendants plus interest and costs of this action.

5.    Propal have such other and further relief in the premises and in law and justice as may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY: _____
    Eugene J. Maginnis, Jr., Esquire
    1880 John F. Kennedy Boulevard
    Suite 1400
    Philadelphia, PA 19103
    (215) 563-3500
Dated: March 27, 2015                    ATTORNEY FOR PLAINTIFFS